IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAYLA MARIE SWEETEN and ZACHARY
HUTCHINS, in his capacity as Special
Administrator of the Estate of Jessica Teena
Marie Poff, deceased                                                                          PLAINTIFFS

v.                                              No. 2:16-CV-2132

COOPER TIRE & RUBBER COMPANY, and
LARRY BLOUNT d/b/a Blount Tire                                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court are Cooper Tire's motion for partial summary judgment (Doc. 65) on claims for Jessica Poff and her unborn child, statement of facts in support of its motion (Doc. 67), and brief in support of its motion. (Doc. 66). Plaintiffs filed a response in opposition to summary judgment (Doc. 70), statement of facts in support of their response (Doc. 71), and brief in support of their response. (Doc. 72). For the reasons stated herein, Cooper Tire's motion (Doc. 65) will be denied.

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 606 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on

1

every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57.

Cooper Tire first argues that Plaintiffs have not timely asserted a claim for Poff's unborn child. Plaintiffs acknowledge that they did not assert a claim for Poff's unborn child in their complaint. Because there is no such claim, Cooper Tire's motion for partial summary judgment is denied as moot on that issue.

Cooper Tire next argues that claims brought on behalf of Poff are nullities, because Poff's brother, Zachary Hutchins, did not post any bond to serve as special administrator of Poff's estate. Arkansas law requires a personal representative to post a bond to receive letters authorizing him to serve as a representative for an estate. Ark. Code § 28-48-201. This requirement cannot be waived for nonresident administrators. Ark. Code § 28-48-206(c)(1). The law governing personal representatives generally governs special administrators. Ark. Code § 28-48-103(e). However, the probate court may order that certain procedural requirements do not apply to special administrators. *Id.* Ark. Code § 28-48-206 applies to personal representatives, and, as such, the probate court can waive its requirements for special administrators. The Probate Division of the Sebastian County Circuit Court did not require Hutchins to pay a bond when he was appointed as special administrator of Poff's estate. (Doc. 1-1). The circuit court issued a subsequent order clarifying that it had waived the bond requirement as permitted by Ark. Code § 28-48-103(e). (Doc. 70-2). Accordingly, the claims brought on behalf of Poff are not nullities and Cooper Tire's motion for partial summary judgment is denied with regard to those claims.

IT IS THEREFORE ORDERED that Cooper Tire's motion for partial summary judgment (Doc. 65) is DENIED.

IT IS SO ORDERED this 14th day of February, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE